IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:24-cv-00241 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FOREST HILL INVESTMENTS LLC and ) | |
| KOSCIUSKO COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this action to enforce federal tax liens for the tax liabilities of Ricci L. Moore against certain real property transferred by him to (and now owned by) Forest Hill Investments LLC.  For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. This Court has jurisdiction under 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Forest Hill Investments LLC ("Forest Hill Investments") is a Domestic Limited Liability Company registered as such with the Indiana Secretary of State as having a principal office at 3600 E 100 S, Pierceton,

1

Indiana 46562. It is named as a defendant because it holds record title to the real property described below.

3. The defendant Kosciusko County, Indiana is joined as a party defendant because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over any federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

4. The real property upon which the United States seeks to enforce its tax liens is located at 6 Fairlane Drive, Warsaw, Indiana 46580 (the "Property), within the jurisdiction of this Court, and has a legal description as follows:

> Lot Number 6 in Fair-Lane Subdivision Number 1 on Winona Lake, as per plat thereof, recorded in Plat Book 4, Page 197, in the Office of the Recorder of Kosciusko County, Indiana.
>
> PARCEL NO. 43-11-16-400-127.000-032
> PROPERTY ADDRESS: 6 Fairlane Dr, Warsaw, IN 46580

## BACKGROUND

5. A delegate of the Secretary of the Treasury made assessments against Ricci L. Moore for income taxes, interest, and penalties for tax years 2010, 2012, 2013, 2014, 2015, 2016, 2017, and 2018, which assessments total $2,503,123.53 as of as of December 31, 2023.

2

6. Notice of the liabilities described in paragraph 5 was given to, and payment demanded from, Ricci L. Moore.

7. Despite proper notice and demand, Ricci L. Moore failed, neglected, or refused to pay the liabilities, and after the application of all abatements, payments and credits, he remains liable to the United States in the amount of $2,503,123.53, plus statutory additions and interest accruing from and after December 31, 2023. Ricci L. Moore consented to judgment for that sum as of that date in *United States v. Moore*, Civil No. 3:22-cv-01032 in this Court, which entered the judgment on February 13, 2024.

## DEED TRANSFER HISTORY

8. By warranty deed dated August 5, 2002, and recorded in the Kosciusko County Registry of Deeds ("Registry of Deeds") on August 13, 2002, under Document No. 2002080723, the Property was conveyed by "Graham D. Rankin and Dorothy A. Rankin, husband and wife . . . to Ricci L. Moore and Cindy L. Moore, husband and wife."

9. By warranty deed dated September 26, 2002, and recorded in the Registry of Deeds on October 4, 2002, under Document No. 2002100274, the Property was conveyed by "Ricci L. Moore and Cindy L. Moore, husband and wife . . . to Jackie L. Moore and Dale Moore, as tenants in common."

10. By warranty deed dated July 15, 2003, recorded in the Registry of Deeds on July 17, 2003, under document No. 2003071332, the Property was

conveyed by "Jackie L. Moore and Dale Moore, as tenants in common . . . to Ricci L. Moore and Brandon S. Cretacci, as tenants in common."

11.     By quitclaim deed dated November 4, 2019, and Recorded in the Registry of Deeds on February 17, 2022, under Document No. 2022020727, "Ricci L. Moore and Brandon S. Cretacci ('Grantors'), as tenants in common," conveyed the Property to "Ricci L. Moore," individually.

### COUNT I
### (Claim Against Forest Hill Investments LLC To Enforce the Federal Tax lien Against Real Property)

12.     The United States incorporates by reference paragraphs 1 through 11 as if specifically realleged herein.

13.     Because Ricci L. Moore neglected, refused, or failed to pay the liabilities described in above after notice and demand, federal tax liens arose under 26 U.S.C. §§6321 and 6322 on the dates of the assessments and attached to all property and all rights to Property of Ricci L. Moore, including his interest in the Property.

14.     In accordance with 26 U.S.C. § 6323(f) a Notice of Federal Tax Lien ("NFTL") covering the tax years described above was recorded in the Registry of Deeds on February 11, 2022, under Document No. 2022020467.

15.     By warranty deed dated May 25, 2022, Ricci L. Moore conveyed his 100% interest in the Property to Forest Hill Investments, LLC, which deed was recorded in the Registry of Deeds on May 26, 2022, under Document No. 2022051648.

16. Forest Hill Investments acquired the Property subject to the federal tax liens.

17. The lien for tax year 2010 was refiled and recorded with in the Registry of Deeds on November 21, 2022, under Document No. 2022110802.

18. The federal tax liens remain on the Property because the liabilities described above have not been satisfied.

WHEREFORE, the plaintiff United States of America requests that this Court:

A. Determine and adjudge that the United States has valid and subsisting federal tax liens securing the tax liabilities of Ricci L. Moore on the Property belonging to defendant Forest Hill Investments LLC;

B. Issue an order enforcing the federal tax liens securing the liabilities described above under 26 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interest of other parties, including any rights of redemption, with the proceeds distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Property; second, to Kosciusko County, Indiana, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, the rest to the plaintiff United States to pay the liabilities described in paragraph A (because the liabilities far exceed the Property value and no surplus will result); and

C. Any other and further relief as the Court deems just and proper.

DAVID A. HUBBERT<br>
Deputy Assistant Attorney General<br>
U.S. Department of Justice, Tax Division<br>
<br>
_____<br>
FRANKLIN D. SANDREA-RIVERO<br>
Trial Attorney, Tax Division<br>
U.S. Department of Justice<br>
P.O. Box 55, Ben Franklin Station<br>
Washington, D.C. 20044-0055<br>
Tel: (202) 353-2121<br>
Fax: (202) 532-3714<br>
Franklin.Sandrea-Rivero@usdoj.gov

Of Counsel:

JOSHUA S. LEVY
United States Attorney